**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 26 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

SYLVESTER YOUNG and MARVIN
JOSEPH BONGA,

      Plaintiffs-Appellants,

v.

JOSEPH CORRISTON, Shop
Supervisor, Federal Prison Industries,
Leavenworth, Kansas,

      Defendant-Appellee.

No. 01-3033
(D.C. No. 99-CV-3384-KHV)
(D. Kan.)

---

**ORDER AND JUDGMENT** *

---

Before **HENRY** , **PORFILIO** , and **MURPHY** , Circuit Judges.

After examining plaintiffs' brief and the appellate record, this panel has

determined unanimously that oral argument would not materially assist the

determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

The case is therefore ordered submitted without oral argument.

---

*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiffs Sylvester Young and Marvin Joseph Bonga, Kansas federal prisoners proceeding pro se, appeal the district court's ruling on their claims against the supervisor of the prison furniture shop where they were employed. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

Plaintiffs and six other inmates who were working in the furniture shop were placed in administrative segregation upon the discovery that a metal chair arm was missing. Plaintiffs were released several days later and they returned to work in the shop, but they were assigned jobs of lower level and lower pay than the jobs they held prior to administrative segregation. They sued, alleging violations of their constitutional rights. They further claimed that defendant lacked authority to place them in segregation or to segregate the entire group of shop workers. The district court entered summary judgment in defendant's favor, holding he was entitled to qualified immunity because plaintiffs had not alleged that he violated any cognizable constitutional rights.

We review de novo the district court's grant of summary judgment, viewing the record in the light most favorable to the party opposing summary judgment. *McKnight v. Kimberly Clark Corp.*, 149 F.3d 1125, 1128 (10th Cir. 1998). Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56(c). Because plaintiffs are

representing themselves, their pleadings will be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

On appeal, plaintiffs pursue only their claim that they were wrongfully placed in administrative segregation for something they did not do, resulting in lower-level and lower-paying jobs upon their release. Nevertheless, we have also reviewed the district court's holdings on their claims that (1) defendant lacked authority to place them in administrative segregation, either individually or as a group; (2) defendant violated their equal protection and due process rights, (3) and defendant's actions constituted cruel and unusual punishment. We have carefully reviewed the record on appeal, as well as the brief submitted by plaintiffs. Applying the standards set out above, for substantially the same reasons as those given by the district court in its January 17, 2001 memorandum and order, we affirm the summary judgment entered in favor of defendant.

The judgment of the United States District Court for the District of Kansas is AFFIRMED.

Entered for the Court

Michael R. Murphy
Circuit Judge

-3-